# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA

                  Plaintiff,

    vs.

MICHAEL LEE WILLIAMS,

               Defendant.

3:86-CR-055-JWS-JDR

**RECOMMENDATION
REGARDING
MOTION FOR WRIT OF
HABEAS CORPUS**

(Docket No. 70)

      **Michael Lee Williams** has filed a Petition is this action seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Docket 70. The Petition seeks an order releasing him from the custody of the United States Parole Commission. The Petition is opposed by the government. Docket 74. Williams Filed a reply. Docket 76. For reasons stated below the magistrate judge recommends that the Petitioner Michael Lee Williams' request for immediate release be denied.

## Jurisdiction

      The habeas petition is styled Michael Lee Williams, Petitioner, v. United States Parole Commission, Respondent. Docket 70. The government's response

is styled United States of America, Plaintiff, v. Michael Lee Williams, Defendant. Docket 74. Where a prisoner files an action under 28 U.S.C. § 2241, the prisoner must name the warden of the penitentiary where he is confined as a respondent. Allen v. State of Oregon, 153 F.3d 1046, 1050 (9th Cir. 1998). The failure to name the petitioner's custodian as the respondent deprives the federal court of personal jurisdiction. Stanley v. California, S.Ct. , 21 F3d 359, 360 (9th Cir. 1994).

The record does not reflect service of process on the proper respondent of the habeas petition. Nor is it clear from the government's response that the government intended its response to be on behalf of the proper party respondent.[1]

## Factual Background

At the time Williams filed his petition for habeas relief he was incarcerated in the Anchorage jail for alleged violations of his federal parole stemming from his conviction in United States v. Williams, case 3:86-cr-00055-JWS. Williams was last re-paroled on December 3, 2009 and was to remain on supervision until the expiration of his sentence on December 14, 2010. *See* Exhibit N to Docket 74.

On January 8, 2010 the Parole Commission issued a warrant for Williams based upon information from the United States Parole Office (USPO) that he had absconded from supervision. *See* Exhibit O to Docket 74. On May 11, 2010

---

[1] These proceedings may be transferred to a new case file if Williams brings his action against the proper party respondent.

Williams was arrested in Las Vegas, Nevada for state charges of domestic violence. Those charges were dismissed on May 26, 2010.  Before he was released from custody on May 27, 2010, the United States Marshals Service executed a parole warrant.  This execution was contrary to the Commissioner's instructions which provided in a Memorandum to the U.S. Marshal in Anchorage, Alaska as follows:

> "If the parolee is already in the custody of federal or state authorities, do not execute this warrant.  Place a detainer and notify the Commission.  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedent.  If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence."

Docket 74-2.  This memorandum is dated January 8, 2010 from a case analyst with the U.S. Parole Commission.

On June 11, 2010 the Commission ordered the Marshals to release Williams from the custody of its warrant.  A Notice of Action dated June 11, 2010 indicates that Williams was to be released from custody and conditionally reinstated to supervision from custody of the warrant dated January 8, 2010.  The document reflects that the warrant is to be lodged as a detainer while the State of Alaska's robbery charge is adjudicated.  The Notice of Action further reflects that the

Commission's (January 8, 2010) warrant was improperly executed because the State of Alaska had an outstanding warrant for robbery existing at the time of its execution. Exhibit S to Docket 74-2.

Williams was returned to Alaska where he was subsequently released on bail by the Alaska State Court. On September 17, 2010 the Commission's January 8, 2010 warrant was executed by the U.S. Marshal. Exhibit T to Docket 74-2. On September 22, 2010 supervising U.S. Probation Officer Scott J. Waters conducted a preliminary interview to assist the Commission in determining whether there was probable cause to believe that Williams had violated the conditions of parole. *See* Exhibit U to Docket 74-2. Williams denied the parole violation charges but waived his right to have a local revocation hearing. *Id.*, p.9, Docket 74, p.10, n.5. The Commission found probable cause to believe that Williams had violated the conditions of release and requested the Bureau of Prisons designate him to an institution for his parole revocation hearing. Williams was transferred to Sea-Tac en route to Oklahoma City to receive his revocation hearing. Meanwhile Superior Court Judge Voland issued a Writ of Habeas Corpus for Williams to appear before him for trial. That State trial has now been resent for April 11, 2011.

## Claims Presented

Williams argues that he has completely served his 1986 federal sentence and his parole time and is being held unlawfully by the United States Parole Commission. He complains that he did not receive a revocation hearing

within "the required 60 days."[2]  He argues that his parole has not been revoked but that his parole time has expired.

## Discussion

It is not disputed that the Parole Commission must abide by the requirements of 18 U.S.C. § 4214 once the Parole Commission executes a parole violation warrant by retaking the parolee in custody under the warrant.  *See* Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003).  Johnson holds that the Commission cannot avoid these requirements by withdrawing the warrant and lodging it as a detainer.  *Id.*

The accompanying Memorandum of Instruction from the Parole Commission directed the Marshal to hold the parole warrant in abeyance had the same effect as if the direction had been included on the face of the warrant.  United States v. Cox, 475 F.2d 837 (9th Cir. 1973).  The execution of the parole violator warrant by the Marshals Service in contravention of the Parole Commission's instructions was invalid and eliminates the requirement that the Parole Commission hold the parole violator hearing within the time periods from execution as required by § 4214.  Sinclair v. Henman, 986 F.2d 407 (10th Cir. 1993).  "In order for the execution to be valid, the Marshals Service must have executed the warrant according to Parole Commission instructions." *Id.* at n.2.

Williams argues that the Parole Commission cannot avoid the

---

[2] Petition, Docket 70.

requirements of § 4214 by withdrawing the warrant, lodging it as a detainer, thus precipitating a subsequent arrest for the same parole violations. Williams' argument overlooks the fact that the execution of the warrant was invalid. In Thompson v. Crabtree, 82 F.3d 312 (9th Cir. 1996) cited by Williams, the Commission's warrant had been validly executed and the Commission later decided to lodge the warrant as a detainer. Thompson is thus significantly distinguishable. A parole violator warrant cannot be validly executed in a manner contrary to that authorized by the Parole Commission. McConnell v. Martin, 896 F.2d 441 (10th Cir. 1990).

When the U.S. Parole Commission re-took Williams as a parolee on September 17, 2010, this triggered the procedural requirement that a revocation hearing be conducted within ninety (90) days of the date of the re-taking. Section 4214(c). Williams cannot rely upon the May 27, 2010 invalid execution of the Parole Warrant by the U.S. Marshal to calculate the time under 18 U.S.C. § 4214(a) required for his hearing. Ninety days from the date of retaking by the Parole Commission runs to December 16, 2010.[3] The Parole Commission has at least until December 16, 2010 to conduct a timely revocation hearing for Williams.

The instant case is distinguishable from those cases where the Parole Commission sought to revoke a parole violator warrant once it had been executed and then hold it in abeyance pending disposition of criminal charges which formed

---

[3] Under some circumstances the Parole Commission has the discretion to delay resolution of any parole violations until the outstanding criminal matters against the parolee have been resolved.

the basis for the warrant. *See* for example, <u>Still v. United States Marshall</u>, 780 F.2d 848 (10<u>th</u> Cir. 1985). In <u>Still</u> the U.S. Parole Commission sought to withdraw a parole violator warrant that had been validly executed. The instant case is also unlike the facts in <u>Donn v. Baer</u>, 828 F.2d 487 (8<u>th</u> Cir. 1987), reconsideration denied 1988. In <u>Donn</u> the government argued that the Parole Commission could withdraw a previously executed warrant and re-execute it later. The appellate court noted that there was no explicit statutory authority for such discretion and held that the Parole Commission lacked authority to withdraw the executed parole violator warrant. Under the facts of <u>Donn</u> there was no issue regarding an invalid execution of a parole warrant.

Because Williams has not shown that he is being or has been subjected to a delayed revocation hearing he is not entitled to the relief requested. A local preliminary revocation hearing was held within 60 days of the valid execution of the Parol Commission's warrant in compliance with 18 U.S.C. § 4214(a)(1)(A).

The government disagrees with Williams' claim that his sentence expired on June 2, 2010. On June 11, 2010 when the U.S. Marshal released Williams, the Parole Commission's initial detainer remained lodged. The Marshal overlooked this fact allowing Williams to be released on bail by the State Court. The Notice of Action dated June 11, 2010 states that the warrant was to be lodged as a detainer. The Commission lawfully suspended the pending disposition of the revocation charge while Williams was charged with a criminal offense. *See* 18

U.S.C. § 4213(b).  The Parole Commission did not lose jurisdiction over Williams.

Other than his argument based upon the validity of the first arrest on the parole violator warrant Williams does not explain how his sentence expired on June 2, 2010.  As the government points out, if Williams disagrees with the computation of his sentence by the Bureau of Prisons he must first exhaust administrative remedies with the Bureau of Prisons before raising the claim in federal court.  *See* Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  In his reply, Docket 76, Williams states that the effective expiration date of his parole was June 17, 2010, relying on 180 days credited under 18 U.S.C. § 4164[4].  That expiration date was extended because of the pending January 8, 2010 Parole Commission Warrant.

## Conclusion

It is unnecessary for this court to decide at this time the proper remedy for a delayed revocation hearing under the facts of this case.  Whether the proper remedy for delayed revocation hearing is release from custody need not be resolved since Williams was not entitled to a revocation hearing in the earlier time frame as he has claimed.  Under 18 U.S.C. § 4214 the Parole Commission has until December 16, 2010 to provide Williams with a revocation hearing or show why such hearing may be postponed under federal law in light of the retaking of Williams as a parolee on September 17, 2010.  The record does not reflect the Commission's

---

[4] The 180 day credit claimed by Williams is available for a person actually in custody not while on parole release.  18 U.S.C. § 4164 (repealed 1984,effective Nov. 1987).

calculations of the full term expiration date for Williams. This Recommendation does not address defendant's right to be released after December 16. 2010. Accordingly, the Petition for Writ of Habeas Corpus for immediate release lacks merit and should be denied. IT IS SO RECOMMENDED.

DATED this 2nd day of December, 2010, at Anchorage, Alaska.


  /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON on Thursday, December 9, 2010**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, Monday, December 13, 2010**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).